IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR272 |
| vs. | FINDINGS AND RECOMMENDATION |
| FARRELL MITCHELL, | |
| Defendant. | |

    This matter is before the Court on the Motion to Suppress Search and Statement (Filing No. 27) filed by Defendant, Farrell Mitchell. Defendant filed a brief (Filing No. 30) in support of the motion and the government filed a brief (Filing No. 35) in opposition. The Court held an evidentiary hearing on the motion on March 14, 2019. Defendant was present with his attorney, Donald Schense. The government was represented by Assistant United States Attorney, Matt Lierman. No witnesses were called by either party. Exhibits 1-7 were offered by the government and received by the Court. A transcript (TR.) of the hearing was prepared and filed on April 22, 2019. (Filing No. 43). The matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends that the motion be denied.

### BACKGROUND

    On September 18, 2018, Defendant was charged in a one-count Indictment with being a prohibited person in possession of ammunition following the execution of a search warrant at Defendant's residence on October 17, 2017. (Filing No. 1). While Defendant was being served with the arrest warrant for the charge in the Indictment on October 2, 2018, officers recovered a handgun that Defendant allegedly tossed during a pursuit. Subsequently, on October 17, 2018, Defendant was charged in a Superseding Indictment with two counts of being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Filing No. 15). Defendant seeks to suppress the evidence supporting the charges in the superseding indictment, arguing that the evidence seized by law enforcement on October 17, 2017, was made pursuant to a search warrant that was not supported by probable cause. Defendant further argues that any statements he made on the date the search warrant was executed, as well as

statements he made following his arrest one year later, are derived from the search warrant's execution and are therefore tainted and should be suppressed.

On October 14, 2017, a Nebraska county court judge signed a no-knock search warrant for a residence at 6912 Florence Boulevard in Omaha, Nebraska, based upon an affidavit submitted by Officer Jason Friedrichsen. According to Officer Friedrichsen's affidavit, officers learned that Defendant lived at the Florence Boulevard address after encountering him during the execution of a different search warrant at a neighboring residence on 24th Street on October 6, 2017. As stated in Officer Friedrichsen's affidavit, during the execution of that previous warrant, Defendant and two other individuals were seated in a vehicle outside of the residence to be searched; two of the individuals were arrested after officers recovered firearms from their persons. Defendant was initially detained but released. The vehicle was registered to a "Brenda Bailey," who officers learned was one of the parties responsible for the utilities at the Florence Boulevard residence. Officer Friedrichsen subsequently requested a trash pull at the Florence Boulevard residence. Law enforcement recovered two stems that later tested positive for marijuana. Additionally, within the next seventy-two hours, Officer Friedrichsen was contacted by a concerned citizen who described Defendant and reported him as a convicted felon and stated he had a handgun. Officers ran a criminal records check and confirmed Defendant's status as a felon and learned that his previous charges included offenses involving firearms. Officers also confirmed that Defendant resided at the Florence Boulevard address. Officer Friedrichsen also had information that Defendant admitted membership to the 40th Avenue Crips gang. (Ex. 4 at pp. 1-4). Based upon this information in the affidavit, the county court judge found that there was probable cause to believe that marijuana and items used to conduct illegal narcotics operations, including firearms and ammunition, were concealed at the Florence Boulevard address and signed the no-knock search warrant authorizing a search of the premises and seizure of contraband. (Ex. 4 at pp. 5-7).

Officers executed the warrant at issue in this case on October 17, 2017. Officers found and seized four handguns and various calibers of live ammunition. (Ex. 4 at pp. 8-11). Four persons, including Defendant, were at the residence during the execution of the search warrant. Defendant was arrested and taken to police headquarters. After being advised of his *Miranda* rights, Defendant declined to be interviewed and signed a Rights Advisory Form (Ex. 2). Defendant agreed to provide a DNA sample and signed a Consent to Provide DNA Sample form. (Ex. 3). These events were audially and visually recorded. (Ex. 6).

Nearly one year later, on October 2, 2018, Defendant was arrested for the charge in the original Indictment. (Ex. 5; Filing No. 1). Defendant subsequently made statements to law enforcement, including statements regarding the search warrant executed at his residence nearly one year earlier. (Ex. 7).

Defendant argues that probable cause did not exist to issue the warrant and that any evidence, including his statements both in October 2017 and October 2018, derived from its execution is tainted and should be suppressed. (TR. 4-5, 9). The government contends that there was a sufficient showing of probable cause and that the officers relied in good faith upon the warrant.

## ANALYSIS

"Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)(internal quotation marks omitted)(quoting *United States v. Davis*, 471 F.3d 938, 946 (8th Cir. 2006)). When relying on an affidavit to establish probable cause, "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009). "Search warrant [a]pplications and affidavits should be read with common sense and not in a grudging, hyper technical fashion." *United States v. Ryan*, 293 F.3d 1059, 1061 (8th Cir. 2002)(quotations and citations omitted). An issuing judge's determination of probable cause "should be paid great deference by reviewing courts." *United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010).

Although perhaps minimally sufficient, the undersigned magistrate judge finds that Officer Friedrichsen's affidavit provided probable cause for the issuance of the search warrant. First, the affidavit states that law enforcement's trash pull outside the Florence Boulevard residence resulted in the seizure of confirmed marijuana stems. The Eighth Circuit has concluded that "items found in a trash pull, standing alone, may be sufficient to establish probable cause." *United States v. Thurmond*, 782 F.3d 1042, 1044 (8th Cir. 2015)(citing *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003)(holding that recovery of marijuana seeds and stems from a defendant's garbage "were sufficient stand-alone evidence to establish probable cause.")). As recognized by the Eighth

Circuit, "not only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law." *Briscoe*, 317 F.3d at 908.

The affidavit also included information passed along to officers from an anonymous citizen that Defendant was a convicted felon in possession of a handgun. The affidavit did not contain details regarding the identity of the citizen or how the citizen acquired that information. However, the citizen's statement was at least partly independently corroborated by officers when they ran a records check and confirmed Defendant's status as a convicted felon. Additionally, officers had recently encountered Defendant during the execution of a different search warrant and arrested two individuals with firearms, one of which was stolen. See *United States v. Reed*, 921 F.3d 751, 757 (8th Cir. 2019)(finding warrant was supported by probable cause where warrant application included information from "anonymous citizen" because the information was corroborated by other sources); *United States v. Buchanan*, 574 F.3d 554, 562 (8th Cir. 2009)(concluding an informant can be reliable "if the information he or she supplies is at least partially corroborated by other sources."). The vehicle that the individuals were using was registered to one of the parties responsible for the utilities at the Florence Boulevard residence. Officers also had information that Defendant claimed to be affiliated with the 40th Avenue Crips gang. Considering the totality of the above information known to officers, the undersigned magistrate judge finds that the affidavit established a "fair probability" that contraband or evidence of a crime would be found at the Florence Boulevard residence.

However, even if the affidavit in support of the search warrant was insufficient to establish probable cause, the undersigned magistrate judge finds that the law enforcement officers relied in good faith upon the warrant. An exception to the exclusionary rule applies where officers rely on a warrant in good faith. *United States v. Hessman*, 369 F.3d 1016, 1019-20 (8th Cir. 2004)(citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 920. "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *United States v. Perry*, 531

F.3d 662, 665 (8th Cir. 2008)(quoting *Leon*, 468 U.S. at 921).  The record in this case does not establish that law enforcement officers engaged in any dishonest or reckless behavior in obtaining the warrant.  Nor does Defendant argue (and the record does not support) that the issuing magistrate abandoned her detached and neutral role.  Under the totality of the circumstances, law enforcement officers could have a reasonable belief that probable cause for the issuance of the warrant existed, and thus the evidence obtained from its execution does not need to be suppressed.

Defendant contends that any statements he made in October 2017 and in October 2018 are fruit of the deficient warrant.  As discussed above, because the undersigned magistrate judge finds that probable cause existed for the issuance of the search warrant, on which officers reasonably relied in good faith, any statements Defendant made as a result of the warrant's execution do not need to be suppressed as tainted fruit.  Upon consideration,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge John M. Gerrard that Defendant's Motion to Suppress Search and Statement (Filing No. 27) be denied.

Dated this 20th day of May, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.