IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-272 |
| vs. | |
| FARRELL MITCHELL, | ORDER |
| Defendant. | |

    This matter is before the Court on defendant's objection (filing 47) to the Magistrate Judge's Findings and Recommendation (filing 44) recommending that the defendant's motion to suppress the search of his residence, seizure of evidence, and suppression of any statements made subsequent to the search (filing 27) be denied. The Court has conducted a de novo review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court agrees with the Magistrate Judge's findings and recommendation, and will adopt the same.

    The defendant asserts that the affidavit in support of the search warrant was insufficient to establish probable cause. When reviewing an affidavit in support of a search warrant, the Court considers the totality of the circumstances to determine whether probable cause exists to justify issuance of the warrant. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Probable cause for a search warrant exists when the facts in the affidavit establish a fair probability that evidence of criminal activity will be found. *Id.* at 238.

    The defendant argues that the affidavit failed to show that the information provided by a concerned citizen was reliable, trustworthy, verified, or established. Filing 47 at 2. The affidavit provided that a concerned citizen reported to the police that the defendant was known to be armed with a

handgun, gave an accurate physical description of the defendant, and specifically identified the kind and caliber of the weapon the defendant was supposed to have. The police then confirmed through a check of criminal history records that the defendant matched the physical description provided by the concerned citizen, and identified that the defendant had been convicted of several felonies and was prohibited from possessing a firearm. Further investigation revealed that the defendant has admitted past membership in a street gang, and was recently detained when he was in a car parked in the back of a residence that was to be searched in connection with a robbery investigation. The defendant was with two individuals, both possessing firearms, one of which was identified as stolen.

An informant may be considered reliable if the information supplied is at least partially corroborated by another source. *United States v. Buchanan*, 574 F.3d 554, 562 (8th Cir. 2009). Corroboration of even minor, innocent details can suffice to establish probable cause. *United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001). The Court finds that the police investigation subsequent to receiving the concerned citizen report at least partially corroborated the citizen sufficient to conclude the information was partially verified or established, and the citizen reliable and trustworthy as to the information provided.

The defendant also argues that the two marijuana stems found in a search of the trash outside the defendant's residence were insufficient to establish a fair probability of criminal activity for the issuance of a warrant. Filing 48 at 4-5. But as the Magistrate Judge noted, simple possession of marijuana is a crime under both federal and state law. Filing 44 at 4.

The Court finds that the evidence recited in the affidavit is sufficient to establish probable cause that evidence of criminal activity exists, and support

2

the issuance of a warrant to search the defendant's residence. Further, the Court agrees with the Magistrate Judge that even if the affidavit was insufficient to establish probable cause, the executing law enforcement officers relied in good faith upon the warrant. *United States v. Leon*, 468 U.S. 897, 922 (1984).

Having found no "poisonous tree," there is no basis to suppress the evidence seized during the search, or suppress any knowing and voluntary statements made by the defendant after being advised of and waiving his *Miranda* rights.

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation and Order (filing 44) are adopted.

2. The defendant's objection (filing 47) is overruled.

3. Defendant's Motion to Suppress Search and Statement (filing 27) is denied.

Dated this 11th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge