IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-272 |
| vs. | |
| FARRELL MITCHELL, | ORDER |
| Defendant. | |

The defendant has moved to sever the two charges against him pursuant to Fed. R. Crim. P. 14(a). Filing 75. That motion will be denied.

Fed. R. Crim. P. 8(a) provides that an

> indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

That rule is broadly construed in favor of joinder. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018). And there is a strong presumption against severing properly joined counts. *United States v. Robinson*, 781 F.3d 453, 461 (8th Cir. 2015).

Pursuant to Rule 14(a), the Court may order separate trials if the joinder of offenses appears to prejudice a defendant. *See Robinson*, 781 F.3d at 461. But the defendant bears the burden of proving prejudice. *Id*. Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on

all crimes when it would not have found guilt if the crimes were considered separately. *United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011). But a defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime. *Robinson*, 781 F.3d at 461; *see United States v. Thompson*, 690 F.3d 977, 990 (8th Cir. 2012); *Huggans*, 650 F.3d at 1221.

Here, the defendant is charged in the operative indictment with one count of possessing a firearm and ammunition on or about October 17, 2017, and one count of possessing a different firearm on or about October 2, 2018. Filing 56. The defendant merely argues that the counts are based on different acts or transactions and that "given that the counts are from incidents a year apart from one another the Court should also find that the counts are not connected nor are they part of a common scheme or plan." Filing 75 at 2.

In applying the "same or similar character" standard, joinder of offenses is proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps. *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011). The Eighth Circuit's decision in *Garrett* is highly instructive:

> Here, both of [the defendant's] counts were for the same crime: being a felon in possession of a firearm. The offenses, occurring approximately fifteen months apart, took place over a relatively short period of time. Finally, the evidence as to each count overlapped as the offenses were predicated on the same felony, and evidence of each offense would have been admissible under Fed. R. Evid. 404(b) to prove the other in separate trials. Therefore, we conclude that the two counts were properly joined under [Rule] 8(a).

*Garrett*, 648 F.3d at 625 (citations omitted). The Court of Appeals further rejected the defendant's argument that the defendant was prejudiced by joinder of the offenses for trial, because "evidence that [the defendant] unlawfully possessed a firearm on one occasion was admissible to prove he knowingly possessed a firearm on another occasion." *Id*. at 626.

The same is true in this case: the offenses took place only a year apart and are predicated on the same felony convictions. Moreover, the government's presentation of the facts relating to the two offenses is intertwined because the events giving rise to the second charge occurred while the defendant was being arrested for the first. And evidence of each offense would be relevant to show the defendant's knowledge and intent in committing the other. The offenses are plainly of the same or similar character, and it is just as evident that the defendant has shown no prejudice from their joinder.[1]

The defendant's request for oral argument is denied. *See United States v. Hardison*, 859 F.3d 585, 589 (8th Cir. 2017).

IT IS ORDERED that the motion to sever (filing 75) is denied.

Dated this 15th day of November, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

[1] The Court also notes that the defendant's motion was not timely pursuant to the Court's final deadline for pretrial motions. *See* filing 65 at 1. And no good cause for the untimely motion has been shown. *See* filing 75. That is an independent basis to deny the motion. *See* Fed. R. Crim. P. 12(b)(3); *see also United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006); *United States v. Randolph*, 738 F.2d 244, 246 (8th Cir. 1984).