IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FARRELL MITCHELL,

    Defendant.

8:18-CR-272

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant objects (filing 88) to the presentence report. The defendant has also filed a *pro se* motion to withdraw his plea (filing 83), which the Court will take up at the sentencing hearing.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions to be resolved at sentencing. The defendant objects ([filing 88](#)) to the presentence report in two related respects. According to the presentence report, the defendant was in possession of a Ruger SR9 9mm handgun loaded with 18 rounds of ammunition, which he discarded while fleeing from law enforcement. The presentence report sets the base offense level at 26 pursuant to [U.S.S.G. § 2K2.1(a)(1)](#), which requires a base offense level 26 for an offense involving a semiautomatic firearm capable of accepting a large capacity magazine. The presentence report also assesses a two-level enhancement pursuant to [U.S.S.G. § 3C1.2](#), for "recklessly creat[ing] a substantial risk of death or serious injury to another person in the course of fleeing from a law enforcement officer," because the defendant allegedly discarded a loaded firearm which lay on the street for about 20 minutes before law enforcement recovered it.

The defendant objects to those determinations, and the consequent determination of the offense level and guidelines range. *See* filing 88. If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve the defendant's objection on the evidence presented at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

---

[1] The Court notes that the § 3C1.2 enhancement has been applied under circumstances comparable to the allegations made here. *See United States v. Davidson*, 933 F.3d 912, 915 (8th Cir. 2019); *see also United States v. Gray*, 942 F.3d 627, 632 (3d Cir. 2019); *United States v. Vega-Rivera*, 866 F.3d 14, 19 (1st Cir. 2017); *United States v. Stafford*, 721 F.3d 380, 403 (6th Cir. 2013).

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge