IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-272 |
| vs. | MEMORANDUM AND ORDER |
| FARRELL MITCHELL, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to withdraw his no contest plea (filing 83), based on his contention that he was not given enough time to prepare a defense for trial. The motion will be denied.

The defendant was charged by indictment on September 18, 2018, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922. Filing 1. He was later charged by superseding indictment with another count of the same crime. Filing 56. He pled not guilty to each charge. Filing 8; filing 19. After a number of continuances, trial was set for November 20, 2019. Filing 78. But the morning of trial, the parties reached an agreement, and the Court took the defendant's change of plea as to Count II of the superseding indictment. Filing 80.

The Court led the defendant through the detailed colloquy required by Fed. R. Crim. P. 11(b). The defendant reaffirmed his answers to the questions set forth in the petition to enter a no contest plea, *see* filing 85 at 8, including questions establishing that his no contest plea was voluntary. The defendant specifically said that his counsel had investigated the case sufficiently so that the defendant knew what to do, filing 85 at 11, and that he had the opportunity to discuss the case with his lawyer that day and in the days leading up to his

change of plea, filing 85 at 5. The Court found that the defendant's plea was knowing, intelligent, and voluntary, and accepted the plea. Filing 80. This motion followed. Filing 83.

A defendant may withdraw a plea after the court accepts the plea but before it imposes the sentence if the defendant can show a fair and just reason for requesting the withdrawal. Rule 11(d)(2)(B); *see United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2012). The defendant bears the burden of showing a fair and just reason for withdrawal. *Id.*

And even if the defendant shows a fair and just reason for withdrawal, the Court must consider other factors before granting the motion, such as whether the defendant asserts his innocence of the charge, the length of time between the plea and the motion to withdraw it, and whether the government will be prejudiced if the Court grants the motion. *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017). But while a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, there is no absolute right to withdraw a plea before sentencing. *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997); *see Osei*, 679 F.3d at 746. Rule 11 proceedings are not an exercise in futility, and a plea is a solemn act not to be disregarded because of belated misgivings. *See Osei*, 679 F.3d at 746-47.

And here, there is no indication in the record of a fair and just reason to allow the defendant to withdraw his plea. *See id.* at 747. The defendant simply argues that he wasn't given time to prepare for "new evidence." Filing 83. But the "new evidence" has been in the possession of the defense since October 2018. *See* filing 86 at 3.[1] There is no evidence that the defendant's plea is the

---

[1] And in any event, the remedy for unfair surprise at trial is not to plead no contest, then withdraw—it would have been to object to a violation of the discovery rules.

result of any government misconduct. *See United States v. Picone*, 773 F.2d 224, 225 (8th Cir. 1985); *see also United States v. Morales*, 120 F.3d 744, 748 (8th Cir. 1997). The defendant is, instead, seeking "to withdraw his plea based on inherently unreliable allegations unsupported by specific facts." *See United States v. Harvey*, 829 F.3d 586, 590 (8th Cir. 2016). And his motion is premised on information he had at the change of plea hearing, at which he did not assert any of these concerns. *Id*. at 589.

Post-plea regrets are not a fair and just reason for the Court to permit the defendant to withdraw his no contest plea. *United States v. Teeter*, 561 F.3d 768, 770-71 (8th Cir. 2009). And here, such regrets are all the record establishes. Accordingly,

> IT IS ORDERED that the defendant's motion to withdraw his no contest plea (filing 83) is denied.

Dated this 20th day of February, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge