IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-272 |
| vs. | ORDER |
| FARRELL MITCHELL, | |
| Defendant. | |

The defendant has filed a motion for relief from the judgment, relying on Fed. R. Civ. P. 60(b). Filing 119. The defendant appears to be suggesting that his conviction resulted from an unlawful search warrant. *See id.*.

But Rule 60(b) is a rule of *civil* procedure, and the defendant is moving for relief from a *criminal* judgment—and that, he cannot do under Rule 60(b). *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996). Rather, a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence" may bring a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255(a). And any motion that is filed in the district court that imposed the defendant's sentence, and which is substantively within the scope of § 2255(a), "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see Castro v. United States*, 124 S. Ct. 786, 791 (2003).

But before the Court can construe the defendant's motion as a § 2255 motion, it must do three things:

> notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 124 S. Ct. at 792. The Court will do those three things now.

First, the defendant is on notice that the Court will, unless the defendant says otherwise, construe his motion as a § 2255 motion.[1] Second, the defendant is warned: federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. *See* § 2255(h). So, the defendant must include all his claims for postconviction relief in a single motion, or risk forfeiting them. If the defendant has additional grounds for relief he to assert, he may want to amend his current motion to include those claims. And third, the defendant may advise the Court on or before October 27, 2021 whether he objects to his motion being construed as a § 2255 motion and whether he wants the Court to decide the motion as submitted, or he may submit an amended motion.[2] If the defendant fails to respond by that date, the Court will decide his motion, as submitted, pursuant to § 2255.

---

[1] This is not to suggest that the defendant has presented *valid* grounds for relief under § 2255, nor that his motion is timely—rather, the Court simply finds that the relief the defendant is asking for makes it a § 2255 motion.

[2] Should the defendant elect to amend his motion, he may use the Court's form for § 2255 motions. The Court will direct the Clerk to provide the defendant a copy of that form.

IT IS ORDERED:

1. On or before October 27, 2021, the defendant shall either (a) inform the Court that he wishes to proceed with his motion as submitted, construed as a § 2255 motion; (b) withdraw his motion; or (c) submit an amended motion.

2. If the defendant does not respond on or before October 27, 2021, he will be deemed as having consented to the construction of his motion as a § 2255 motion, as submitted, and the Court will rule on it accordingly.

3. The Clerk of the Court shall provide the defendant with a copy of this order and a copy of Form AO 243 (Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody).

4. The Clerk of the Court shall set a case management deadline for October 27, 2021 with the following docket text: Check for response regarding construction of § 2255 motion.

Dated this 27th day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge