IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-272 |
| vs. | |
| FARRELL MITCHELL, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 119)[1] filed by the defendant, Farrell Mitchell. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion,

---

[1] The plaintiff's initial motion was styled as a Fed. R. Civ. P. 60(b) motion, but the Court found that it was in substance a § 2255 motion and, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), advised the plaintiff of that finding to permit him an opportunity to amend or withdraw it. Filing 120. In response, the defendant amended his motion to include an additional claim. Filing 123. The defendant has, therefore, acceded to the construction of his motion as a § 2255 motion.

or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2018 with being a felon in possession of a firearm or ammunition. Filing 1; filing 15; filing 56. The Federal Public Defender was initially appointed to represent him, filing 10, but eventually the defendant retained his own counsel, filing 22. Counsel moved to suppress evidence resulting from the search of the defendant's residence, alleging that there wasn't probable cause to issue the warrant pursuant to which the search had been conducted. Filing 27. After an evidentiary hearing, filing 43, the Magistrate Judge recommended that the motion to suppress be denied, filing 44. The defendant's counsel objected, filing 47, but the Court overruled that objection, adopted the findings and recommendation, and denied the defendant's motion to suppress. Filing 50.

On the morning that trial was set to begin, the defendant elected to plead *nolo contendere* to a single count, without a plea agreement, and the Court accepted that plea. Filing 80. A couple of weeks later, the defendant moved to

withdraw it. Filing 83. In the meantime, the defendant's counsel objected to the presentence report, filing 88, and moved for a downward variance, filing 93. The Court denied the defendant's motion to withdraw his plea, filing 95, and then at sentencing overruled the defendant's objection and motion for variance, filing 98. The defendant was sentenced to a term of 90 months' imprisonment, and all remaining charges were dismissed on the government's motion. Filing 98. The defendant appealed from the denial of his motion to withdraw his plea, filing 103, but the Eighth Circuit Court of Appeals affirmed his conviction and sentence, filing 114.

## DISCUSSION

In his initial motion, the defendant argues that the Court erred in denying his motion to suppress, asserting that the affidavit supporting the search warrant was misleading and insufficient. Filing 119 at 3-6. Specifically, he argues that the "marijuana stems" found in a trash pull from the residence couldn't actually have tested positive for marijuana, because the statutory definition of "marijuana" doesn't include the "mature stalks" of a hemp plant or "fiber produced from such stalks, oil or cake made from the seeds of such plant." *See* filing 119 at 3 (citing 21 U.S.C. § 802(16)(B)). In his supplemental motion, he argues that his counsel was constitutionally ineffective for failing to raise the same argument to this Court. Filing 123.

The defendant's argument is flawed in several respects. First, he misunderstands § 802(16): while he's focused on subsection B's exclusion of industrial hemp, he overlooks subsection A's *inclusion* of "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin." § 802(16)(A). Perhaps the mature stalks of a marijuana plant aren't "marijuana"

for purposes of the Controlled Substances Act, but the stems of its flower surely are. *Cf. Gonzalez v. Wilkinson,* 990 F.3d 654, 658 (8th Cir. 2021).

Second, the question when issuing a search warrant isn't whether law enforcement has already found contraband: it's whether there are "sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Mazzulla,* 932 F.3d 1091, 1098 (8th Cir. 2019). And marijuana stems and seeds can establish that probability. *See United States v. Briscoe,* 317 F.3d 906, 908-09 (8th Cir. 2003); *see also United States v. Timley,* 443 F.3d 615, 624 (8th Cir. 2006). In other words, the question isn't whether they're contraband, it's whether they suggest contraband will be found—and they do. *See id*.

Nor is there any basis to conclude that the affidavit was false or deceptive within the meaning of *Franks v. Delaware,* 438 U.S. 154 (1978). In order to be entitled to a *Franks* hearing, a defendant must make a substantial preliminary showing that there was an intentional or reckless false statement or omission which was necessary to the finding of probable cause. *United States v. Turner,* 953 F.3d 1017, 1020 (8th Cir. 2020). It's not clear here what the defendant thinks the false statement or omission even was: as best the Court can tell, it's that the affidavit's description of marijuana stems wasn't consistent with what the defendant believes the statutory definition to be. *See* filing 119 at 3-6. As already explained, that's simply untrue. And the averring officer didn't err in including evidence in the affidavit that the Eighth Circuit has expressly held to support a finding of probable case. *See Briscoe,* 317 F.3d at 908-09.

Beyond that, the defendant's argument fails on another level: the Court also concluded that, "even if the affidavit was insufficient to establish probable cause, the executing law enforcement officers relied in good faith upon the warrant." Filing 50 at 3. They were entitled to do so, given circuit precedent.

*See id*. And as a result, even if the defendant *was* technically correct about the marijuana stems, it still wouldn't have resulted in the suppression of evidence. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

And finally, there's no merit to the defendant's claim of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). And in the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

None of those criteria are satisfied here. Counsel wasn't deficient in failing to assert an argument without any legal merit, nor was the defendant prejudiced by his failure to do so. And while the defendant complains about his lawyer's failure to move for suppression on the basis of his "marijuana stems" argument, nothing in his motion or supplemental motion suggests that he would otherwise have insisted on going to trial instead of pleading guilty.[2]

---

[2] The Court notes that despite claiming *now* that he repeatedly asked his counsel to move for suppression of the marijuana stems, he didn't mention it at all in support of his motion to withdraw his plea. *See* filing 83.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 119) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

- 7 -

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 3rd day of December, 2021.

                        BY THE COURT:

                        *John M. Gerrard*
                        John M. Gerrard
                        United States District Judge